S.W.2d 321 (Mo.App.1980). However, this court is bound to follow the last controlling opinion of the Supreme Court of Missouri. *Estate of Seabaugh,* 654 S.W.2d 948, 957 (Mo.App.1983). The most recent Supreme Court case is *M.H. Siegfried Real Estate v. City of Independence,* 649 S.W.2d 893 (Mo. banc 1983) which held "[t]he bare obstruction of the flow of surface water by a lower owner has not been found to be an occasion for liability, even though the effect on the upper owner would be highly predictable. Nor have courts inquired into the abstract reasonableness of the lower owners' conduct." At 896–97. And "we do not perceive any general trend in Missouri or elsewhere toward abandonment of the 'common enemy' rule in favor of some other concept such as a 'reasonable use' doctrine" at 898. *M.H. Siegfried Real Estate* reaffirms this state's advocation of the Common Enemy doctrine and this court cannot hold otherwise.

Both of appellants' points are ruled against them for the reasons set forth above.

The judgment is affirmed.

All concur.

William Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before DIXON, P.J., and MANFORD and NUGENT, JJ.

### ORDER

PER CURIAM:

Direct appeal from a jury conviction for promoting prostitution, in violation of § 567.070, RSMo 1978.

Judgment affirmed. Rule 30.25(b).

**STATE of Missouri, Respondent,**

v.

**Charlene KENNEDY, Appellant.**

**No. WD 37202.**

Missouri Court of Appeals,
Western District.

Feb. 18, 1986.
Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied

March 27, 1986.

Application to Transfer Denied
May 13, 1986.

Robert G. Duncan, Kansas City, for appellant.

**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Thomas E. DAILEY,
Defendant-Appellant.**

**No. 13867.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 25, 1986.

Motion for Rehearing or to Transfer
to Supreme Court Denied
March 19, 1986.

Application to Transfer Denied
May 13, 1986.